982 F.2d 528
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kevin Lovell HIGGS, Plaintiff-Appellant,
v.
STREETS SERVICE CENTER, INC., and Jerry Lecentburg, Owner,
Defendants-Appellees.
 No. 92-6260.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and BARRETT, Senior Circuit Judge.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Kevin Lovell Higgs (Higgs), appearing pro se and proceeding in forma pauperis, appeals from the district court's Orders of June 1, 1992, and June 22, 1992, dismissing his employment termination complaint filed against his former employer, Streets Service Center and Jerry Lecentburg, owner, of Oklahoma City, Oklahoma, as frivolous, pursuant to 28 U.S.C. § 1915d. Higgs' complaint alleged that he was unlawfully terminated in his employment because of his race (black) and that defendants used as a pretext his purported failure to pass a polygraph test given certain employees relative to stolen merchandise.
 
 
 3
 Following entry of the dismissal Order of June 1, 1992, Higgs filed a response contending that the EEOC office in Milwaukee, Wisconsin, which had been processing his claim against defendants at the request of the Oklahoma City, Oklahoma, office of the EEOC, did not communicate with him at his new address in Oklahoma City, although he had informed one Patricia Stewart of the Oklahoma City EEOC office of his new address on August 10, 1987. The district court found that Higgs was partly at fault for the address errors because he apparently at no time completed a change of address card with the postal department. However, and more importantly, the court found that on September 25, 1990, Higgs received a Letter of Determination from the Wisconsin EEOC office informing him that his claim was denied and that he had two weeks to pursue an administrative review and ninety (90) days within which to file a Title VII suit in federal district court, but Higgs did not file the present suit until May 5, 1992, well beyond the January, 1991, time limit, i.e., ninety days after September 25, 1990.
 
 
 4
 On appeal, Higgs argues that (1) the mishandling and destruction of his EEOC charge by the Milwaukee EEOC office was a deliberate attempt by that office to cover-up its wrongdoing in failing to investigate and in failing to submit a Notice of Right to Sue letter, (2) he was denied his constitutional rights to a fair trial and due process when the Milwaukee EEOC office refused to accept his collect long-distant telephone privileges following his first two calls, and (3) he has proof that he sent a letter to the Milwaukee EEOC office notifying them of his change of address and new information concerning his charge.
 
 
 5
 We affirm the district court's dismissal substantially for the reasons set forth in the district court's Orders of June 1, 1992, and June 22, 1992, copies of which are attached hereto and made a part hereof.
 
 ATTACHMENT
 
 6
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
 
 OF OKLAHOMA
 
 7
 KEVIN LOVELL HIGGS, Plaintiff,
 
 
 8
 v.
 
 
 9
 STREETS SERVICE CENTER, JERRY LECENTBURG, owner, Defendants.
 
 No. CIV-92-807-A
 
 10
 June 1, 1992.
 
 ORDER
 
 11
 Plaintiff Kevin Lovell Higgs ("plaintiff"), who is proceeding pro se and in forma pauperis, filed the Complaint in this case against his former employer Streets Service Center and its owner Jerry Lecentburg ("defendants"). Upon a review of the Complaint and of the law that could be applied to it, the Court dismisses plaintiff's case as frivolous, pursuant to 28 U.S.C. § 1915d.
 
 
 12
 The facts of the case as set forth in the Complaint are as follows. On or about 14 May, 1987, plaintiff was required to take a polygraph test at the defendant Center. Plaintiff was told that the test was necessary to discover if any of the employees were stealing merchandise that was allegedly disappearing and being sold on the streets. When plaintiff returned to work on or about 18 May 1987, he was told that he and two other black employees had failed the test and were being terminated therefor.
 
 
 13
 Approximately six (6) months earlier, Ricky Banks ("Banks"), one of the employees who was discharged at the time of plaintiff's termination, allegedly admitted stealing some of the merchandise. Plaintiff contends that Banks apologized for the theft at the time and the owner allowed him to stay, despite a written company regulation providing that theft of company property would result in automatic discharge.
 
 
 14
 Toward the end of the two page Complaint, plaintiff asks the Court to force defendants to comply with their own rules and regulations that require them to give an employee three (3) written and/or verbal warnings of misconduct before discharging him. Plaintiff claims that he was never warned of any problems before he was discharged, and was allegedly told on a number of occasions that he was doing a good job.
 
 
 15
 In his prayer for relief, plaintiff asks for an award of back wages and punitive damages for the allegedly malicious treatment by defendants. Although plaintiff fails to cite any law allegedly violated by defendants, it is clear that he believes that defendants discriminated against him on the basis of his race. In fact, on the Civil Cover Sheet in his case file, plaintiff lists the cause of action as race discrimination under Title VII of the Civil Rights Act of 1964.
 
 
 16
 Because plaintiff is proceeding pro se, this Court made a diligent attempt to analyze his Complaint under every potentially applicable statute. This thorough analysis revealed that plaintiff's claim was time-barred under all of the applicable statutes. Plaintiff's Complaint must therefore be dismissed.
 
 
 17
 I. 42 U.S.C. §§ 2000e et seq.
 
 
 18
 If one views the Complaint as alleging a cause of action under Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e et seq., one immediately sees that plaintiff did not follow proper procedure. Accordingly to 42 U.S.C. § 2000e-5(e)(1), a claimant under Title VII must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged discrimination. In his Complaint, plaintiff states that his termination, the alleged discriminatory act, occurred on 18 May 1987; however, plaintiff never mentions the filing of an EEOC charge at any time. Accordingly, his claim is unequivocally time-barred under Title VII. See also, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
 
 II. 42 U.S.C. §§ 1981 & 1983
 
 19
 Plaintiff's claim is likewise time-barred under 42 U.S.C. §§ 1981 & 1983. When Congress enacted these statutes, it did not provide a limitations period within which to bring a cause of action for violations thereunder. Accordingly, courts must adopt the most analogous limitations period of the state in which they sit. Johnson v. Railway Express, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).
 
 
 20
 In 1984, the Tenth Circuit Court of Appeals decided the case of Garcia v. Wilson, 731 F.2d 640 (10th Cir.), aff'd, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Garcia held as a matter of federal law that for statute of limitations purposes all section 1983 actions should be characterized as actions for injury to personal rights. Id. at 650-51. See also, Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir.1988) (same holding as Garcia ); EEOC v. Gaddis, 733 F.2d 1373, 1377 (10th Cir.1984) (same for a section 1981 action). Accord, Jackson v. Grider, 691 P.2d 468, 472 (Okl.App.1984).
 
 
 21
 The most analogous Oklahoma statute of limitations to an action for injury to personal rights is 12 O.S. § 95 (Third). This statute provides that an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated, can only be brought within two (2) years. As plaintiff's action was not brought until almost five (5) years after it accrued, it must be deemed untimely under 12 O.S. § 95 (Third).
 
 
 22
 III. 29 U.S.C. §§ 2001, et seq.
 
 
 23
 Finally, this Court reviewed the possible applicability of the Employee Polygraph Protection Act, 29 U.S.C. §§ 2001 et seq., to plaintiff's Complaint. While plaintiff might have been able to invoke the protection of this act had he filed his claim within three (3) years of the alleged use of the polygraph exam, his cause of action is now time-barred under this act as well. See, 29 U.S.C. § 2005(c)(2).
 
 IV. Conclusion
 
 24
 Despite this Court's best efforts to discover a statute within which to place plaintiff's cause of action, none is available at this late date. Accordingly, plaintiff's case is deemed frivolous and is dismissed pursuant to 28 U.S.C. § 1915d.
 
 
 25
 It is so ordered this 1st day of June, 1992.
 
 
 26
 /s/ WAYNE E. ALLEY
 
 United States District Judge
 
 27
 IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA
 
 
 28
 Kevin Lovell Higgs, Plaintiff,
 
 
 29
 v.
 
 
 30
 Streets Service Center, Jerry Lecentburg, owner, Defendants.
 
 No. CIV-92-807-A
 
 31
 June 22, 1992.
 
 ORDER
 
 32
 On 1 June 1992, this Court entered an Order dismissing plaintiff's case pursuant to 28 U.S.C. § 1915d, because plaintiff had not made a timely claim for race discrimination against his former employer. That Order remains in full force and effect, but the Court now modifies its reasoning with respect to plaintiff's Title VII claim in view of the plaintiff's Motion to Show Cause, filed on 5 June 1992.
 
 
 33
 In the Brief in Support of plaintiff's Motion to Show Cause, he stated that he had in fact instituted a timely charge with the Equal Employment Opportunity Commission ("EEOC") after his termination with the defendant. Plaintiff further stated that after his case was transferred to the Milwaukee, Wisconsin EEOC office to reduce the caseload of the Oklahoma City office, a number of letters from the EEOC concerning his charge were sent to the wrong address. As a consequence of the address confusion, plaintiff contends, the Court should extend the Title VII limitations period for filing suit in United States district court.
 
 
 34
 The Court recognizes that plaintiff's discrimination charge was timely made with the EEOC. But the Court believes that plaintiff bears at least part of the blame for the address errors, because he apparently never completed a change of address card with the United States Postal Service.
 
 
 35
 Even if plaintiff was not at fault for the address mistake, however, his Title VII claim is still time-barred based upon the exhibits attached to plaintiff's show cause brief. Exhibit 4, which plaintiff claims he received in a timely fashion, is a letter, dated 25 September 1990, from the EEOC Enforcement Unit Supervisor in Milwaukee, apparently in response to a telephone inquiry that plaintiff made about his case the previous day. At the bottom of the letter, it states that the EEOC's Letter of Determination, dated 21 September 1989, is enclosed.
 
 
 36
 The cover letter to the Letter of Determination specifically directs plaintiff's attention to pages 3 and 4 of the Determination Letter, which inform plaintiff that he may pursue a review of the EEOC's denial of his claim within two (2) weeks. Pages 3 and 4 further state that plaintiff has ninety (90) days from the expiration of his appeal period, whether or not he elects to pursue an appeal, to file a suit in federal district court. This ninety (90) day period is codified at 42 U.S.C. § 2000e-5(f)(1), the limitations section of Title VII.
 
 
 37
 Thus, even if one assumes that plaintiff did not know about the EEOC's denial of his claim until late September of 1990, plaintiff still would have had only until early January of 1991 to file suit in United States district court. Because plaintiff did not file the present suit until May of 1992, his Title VII claim is clearly time-barred by the limitations period in 42 U.S.C. § 2000e-5(f)(1).
 
 
 38
 In summary, this Court's Order of 1 June 1992 remains in full force and effect, subject only to the change in reasoning regarding plaintiff's Title VII claim in this Order. Plaintiff's case is therefore deemed dismissed as of 1 June 1992.
 
 
 39
 It is so ordered this 22nd day of June, 1992.
 
 
 40
 /s/ WAYNE E. ALLEY
 
 United States District Judge
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3